Hearing Date: January 28, 2014
Hearing Time: 10:30 a.m.
Objections Due: TBD by Court

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In Re:

    SIT'N BULL RANCH & COUNTRY CLUB
    (also known as SIT-N'-BULL RANCH AND
    COUNTRY CLUB, INC.),
                Debtor.

Case No.: 14-12558-1-rel
(Chapter 11)

---

**APPLICATION IN SUPPORT OF *EX* PARTE MOTION TO REDUCE TIME TO HEARING DATE AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1) and (d)(2)**

      GLENS FALLS NATIONAL BANK & TRUST COMPANY, (hereafter, "GFNB"), by and through their attorneys, FITZGERALD MORRIS BAKER FIRTH, P.C., Lawrence Elmen, Esq., *of counsel*, hereby moves this Court for an Order granting relief *ex* parte relief pursuant to Federal Bankruptcy Court Rule §§ 9006(c) & (d) to reduce the time from the date this motion was filed until the hearing date, and granting relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (2), and respectfully states as follows:

### JURISDICTION

    1.      On January 16, 2015 (the "Petition Date"), an entity captioned as "SIT'N BULL RANCH & COUNTRY CLUB, a New York Corporation" filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and a Notice to Creditors of Automatic Stay was provided to my office by facsimile at 4:04 p.m. on Friday, January 16, 2015. Upon information and belief, the above-captioned entity is not a corporation in the State of New York, as the only legal entity on record with the New York State Secretary of State's Office is "SIT-N'-BULL RANCH AND COUNTRY CLUB,

INC." For purposes of this motion application any reference to the captioned defendant shall include the legal corporate name of "Sit-N'-Bull Ranch & Country Club, Inc." (hereafter, "Debtor").

2. This is an *ex parte* motion pursuant to sections 906(c) & (d) of the Federal Rules of Bankruptcy seeking to reduce the time required to proceed to a hearing on this application, as well as a motion pursuant to Bankruptcy Code §§ 362(d)(1) and (2) for relief from the automatic stay. This Court has jurisdiction over this bankruptcy case and this motion pursuant to 28 U.S.C. §§ 157 and 1334(a). This motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## FACTUAL BACKGROUND

3. The Debtor is New York Corporation with a principal place of business located in Warren County, New York. The Debtor holds title to approximately 107 acres +/- of property which was assumed by merger by Debtor. The 107 acres of real property are located within the boundaries of the Adirondack Park in the Town of Stony Creek, County of Warren, New York. The entire 107 acres of real property, along with an additional 343 acres of real property titled jointly to John and Polly Arehart, are now subject to sale pursuant to a Judgment of Foreclosure and Sale, dated July 9, 2014 which was granted in favor of GFNB and filed with the Warren County Clerk's Office on July 16, 2014 (hereafter, "Mortgaged Property").

4. The portion of the Mortgaged Property titled to Debtor comprise lands used for a golf course (hereafter, "Golf Course"). See, Affidavit of Neil Cherkosly, dated December 15, 2014 (hereafter, "Cherkosly Affidavit").

5. The Mortgaged Property is situated within the Adirondack Park and subject to

2

regulation by the Adirondack Park Agency. Any future development of the Mortgaged Property must meet and satisfy the strict zoning and land use requirement of the Adirondack Park Agency. See, Cherkosly Affidavit.

6. The Debtor is a guarantor of debt incurred by 1000 Acres Ranch Resort, Inc., on December 6, 2007, in the original face amount of SEVEN HUNDRED THOUSAND and 00/100 DOLLARS ($700,000.00), which debt was secured, in part, by Debtor's 107 acre golf course. The past due secured debt was reduced to a Judgment of Foreclosure and Sale, dated July 9, 2014, no portion of which has been paid or recovered by GFNB.

7. The Judgment of Foreclosure and Sale was based upon the failure of 1000 Acres Ranch Resort, Inc., John J. Arehart, Polly A. Arehart, and Debtor to: (1) Repay amounts due under a Consolidated Note and Consolidation, Extension and Modification Agreement (hereafter, "Consolidated Mortgage"), each dated December 6, 2007 (hereafter, "2007 Loan Documents") which, in part, amended, restated and extended debt due from Debtor under a June 1, 1992 Note, along with five additional, prior mortgages on the Mortgaged Property; and (2) Repay amounts due under a Guaranty signed by Debtor further securing the amounts due under the 2007 Loan Documents.

8. The 2007 Consolidated Note consolidated prior Notes in the total face amount of $700,000.00 and assessed interest at 8.00%. The terms of the Consolidated Note required interest only payments on a quarterly basis (January 1st, April 1st, July 1st and October 1st) and a single annual payment to GFNB of principal in the amount of $35,000.00 on August 1st of each year until fully paid. The maturity date for the Consolidated Note was December 1, 2007.

9. On November 4, 2011 GFNB accelerated the entire debt due from Debtor, and

3

others, due to numerous acts of default, which included, in part, the failure to make payments required by the Consolidated Note and failure to pay real property taxes upon the Mortgaged Property.

10. On February 17, 2012, Debtor executed a Forbearance Agreement promising, in part, to pay all amounts due to GFNB by the loan maturity date of December 1, 2012. As part of the Forbearance Agreement, Debtor executed a Spreader Mortgage to fully encumber all property referred to as the Mortgaged Property.

11. On December 1, 2012 and at all times thereafter, Debtor, along with 1000 Acres Ranch Resort, Inc., John J. Arehart, and Polly A. Arehart, failed to keep their promises under the 2007 Loan Documents, as well as the Forbearance Agreement, in that Debtor failed to pay all amounts due to GFNB on December 1, 2012, the maturity date for the 2007 Loan Documents.

12. On January 16, 2014, GFNB initiated a mortgage foreclosure lawsuit in the County of Warren, State of New York to foreclose the 2007 Loan Documents and the Spreader Mortgage.[1] A true and complete copy of the filed Summons and Verified Complaint is attached hereto as **Exhibit "A"** and contains a complete history of the loan documents consolidated by the 2007 Loan Documents, the act of default, as well as true copies of the 2007 Loan Documents, Spreader Mortgage, and Forbearance Agreement.

13. On July 16, 2014, a Judgment of Foreclosure and Sale was entered with the Warren County Clerk's Office. The Judgment of Foreclosure and Sale was based, in part, upon the maturity of the entire debt due from Debtor over two years ago, on December 1, 2012. A true and complete copy of the Judgment of Foreclosure and Sale is attached as **Exhibit "B"**

---

[1] The act of default was not a default in periodic payments, but a failure since December 1, 2012 to repay the matured loan balance in full. Therefore, the Certification of Payment History of the Note and Mortgage Form is not required and not submitted.

4

herein.

14.     The appointed Referee scheduled a foreclosure sale of the Mortgaged Property for August 22, 2014 at 10:00 a.m.  This scheduled foreclosure sale was cancelled due to the Debtor's President, John J. Arehart, filing an individual Chapter 13 petition to obtain an automatic stay of the State Court proceedings.  On October 24, 2014, the Honorable Robert E. Littlefield, Jr. granted the Motion for Lift of Stay by GFNB.  Case 14-11726-1-rel, document 44, filed and entered 11/24/2014.

15.     The appointed Referee rescheduled a foreclosure sale of the Mortgaged Property for November 24, 2014 at 10:00 a.m.

16.     On November 12, 2014, debtor, John J. Arehart, filed a Motion to Re-Impose the Automatic Stay and to Shorten Time for Service and Hearing based, in part, upon the allegation that debtor, John J. Arehart and Polly A. Arehart received a purported letter of intent from "Parallel Assets Inc." to sell the Mortgaged Property for $3,600,000.00.  The purpose for filing the motion to re-impose the automatic stay was to further delay the foreclosure sale of the Mortgaged Property.

17.     On November 12, 2014, this Court issued an Order to shorten time to Hearing and scheduled a hearing for November 17, 2014.  GFNB submitted opposition papers on November 14, 2014.  On November 17, 2014, the parties appeared and conducted oral argument on the hearing date.  On November 20, 2014, Debtor, John J. Arehart, withdrew his Motion to Re-Impose Stay.

18.     On November 21, 2014, Polly A. Arehart filed a Chapter 11 petition to obtain an automatic stay of the imminent foreclosure sale scheduled for November 24, 2014.  The

5

foreclosure sale scheduled for November 24, 2014 at 10:00 a.m. was cancelled due to the automatic stay.

19. On December 17, 2014, the Referee, executed a notice of sale and terms of sale to proceed with the foreclosure sale of the 107 acres of Mortgaged Property which comprised the golf course owned by Debtor, as such property was not subject to the automatic stay issued under Polly A. Arehart's Chapter 11 petition. The foreclosure sale for the golf course was set for Monday, January 19, 2015 at 10:00 a.m.

20. On January 14, 2015, this Court *sua sponte* ordered the dismissal of the Chapter 11 Petition filed by Polly A. Arehart. The automatic stay in place since November 21, 2014 was cancelled.

21. On January 16, 2015, at 3:35 p.m., this Debtor caused the instant Chapter 11 Petition to be filed imposing a new automatic stay. As a result, Referee could not proceed with the foreclosure sale scheduled for Monday, January 19, 2015 at 10:00 a.m. and adjourned the sale until ***February 16, 2015 at 10:00 a.m***.

22. Following the *sua sponte* dismissal of Polly A. Arehart's petition, the Referee scheduled a foreclosure sale date for the 343 acres of real property comprising the Dude Ranch and titled to John and Polly Arehart for ***February 16, 2015 at 10:00 a.m.***

23. That it is the intention of GFNB, subject to the approval of this Court and lifting of the automatic stay, to auction the Dude Ranch and Golf Course at a <u>single</u> auction and as a single property, to the highest bidder, on February 16, 2015, as provided for in the Judgment of Foreclosure and Sale.

24. As of the Petition Date, January 16, 2015, Debtor owes GFNB approximately

6

SEVEN HUNDRED FIFTY FIVE THOUSAND ONE HUNDRED SEVENTY THREE and 90/100 DOLLARS ($755,173.90), excluding costs of sale, publication, posting, referee fees, and real property taxes due at closing.

25. Statutory interest is now accruing on the Judgment of Foreclosure and Sale in the per diem amount of $178.19 and at the monthly rate of $5,345.70.

26. The Debtor, along with John J. Arehart and Polly A. Arehart, failed and/or refused to make any payments to GFNB since December 1, 2012 and have failed to pay Town and County real property taxes, as well as School District taxes for the Golf Course, as well as the Dude Ranch.

27. The total amount of unpaid real property taxes as well as school district taxes, as of December 31, 2014, for the portion of the Mortgaged Property which is the Golf Course equals NINETEEN THOUSAND SIX HUNDRED THIRTY TWO and 24/100 DOLLARS ($19,632.24). Documents concerning unpaid taxes upon the Golf Course through December 31, 2014 are enclosed as **Exhibit "C."** This amount does not include the 2015 Town and County real property taxes due by January 30, 2015.

28. GFNB has accrued and will continue to accrue additional attorney fees, post-Judgment of Foreclosure and Sale, due to: (1) The Chapter 13 petition filed by John J. Arehart and resulting motion practice to lift the automatic stay; (2) The motion practice caused by John J. Arehart's motion to re-impose the automatic stay, which was voluntarily withdrawn; (3) The Chapter 11 petition by Polly A. Arehart, dismissed *sua* sponte by this Court on January 16, 2015; and (4) the instant Chapter 11 petition filed by Debtor and ongoing motion practice to lift the automatic stay.

29. No portion of the attorney's fees being incurred by GFNB, post-Judgment of Foreclosure and Sale are recoverable under the Judgment of Foreclosure and Sale.

30. As of the date for this application, GFNB and its legal counsel received no bona-fide contract for the sale of the Mortgaged Property between Debtor and any bona-fide third party purchaser. Upon information and belief, being the information obtained during the pendency of petitions filed by John J. Arehart and Polly A. Arehart, there is no meaningful plan for reorganization of this Debtor, as more fully set forth below.

**RELIEF REQUESTED**

31. By this Motion, GFNB seeks immediate relief from the automatic stay pursuant to §§ 362(d)(1) and (2) of the Bankruptcy Code in order to exercise its rights and remedies in connection with its collateral, including without limitation, the sale of the Mortgaged Property pursuant to the Judgment of Foreclosure and Sale, dated July 9, 2014.

**BASIS FOR RELIEF**

32. Section 362(d)(2) of the Bankruptcy Code provides, in pertinent part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief . . . (2) with respect to a stay of an act against property . . . if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."

33. The Debtor possesses no equity in the Mortgaged Property, as required by §362(d)(2). GFNB must establish by a preponderance of the evidence that Debtor possesses no equity in the Mortgaged Property. 11 U.S.C. § 362(g)(1). Debtor carries the burden of proof on all other issues. Id. at § 362(g)(2).

34. The amount due to GFNB and secured by the Mortgaged Property equals

8

$755,173.90 as of the Petition Date with per diem interest accruing at the rate of $178.19, and an unpaid County and Town real property tax and School District tax liability upon the Debtor's Property equal to $19,632.24 upon the Golf Course.

35. Assuming this Court grants GFNB's motion for a lift from the automatic stay, then the adjournment date for the sale of the Golf Course, along with the sale date for the Dude Ranch shall be February 16, 2015. An additional 30 days of per diem interest will accrue from the Petition Date through February 16, 2015 for an additional interest charge equal to $5,345.70. Therefore, the amount due to GFNB is greater than the fair market value of the Golf Course, as alleged by Debtor's Chapter 11 Petition, Schedule A, which sets the property value at $700,000.00.

36. As admitted by Debtor's petition, there is a subordinate mortgage, dated December 31, 2010, which encumbers the Debtor's Property and grants John G. Marshall and Christina L. Marshall a secured lien upon most of the Mortgaged Property, in the face amount of THREE HUNDRED THOUSAND and 00/100 DOLLARS ($300,000.00) (hereafter, "Marshall Mortgage"). However, Debtor's Petition fails to set forth the current amount of the debt due, to include interest charges incurred from December 31, 2010 through the Petition Date, if any.

37. Polly A. Arehart admitted during her Creditor's Meeting that the Marshall Mortgage required interest only payments upon the $300,000.00 principal amount and that John J. Arehart, Polly A. Arehart and Debtor each failed to make any interest-only payments since April 30, 2013. Polly A. Arehart stated that the interest rate was 12% per annum. Therefore, the amount of interest payments due on an annual basis was $36,000.00, or $3,000 per month. Given the lack of interest payments since, April 30, 2013, this Debtor failed to make interest-

only payment for at least 20 months. Therefore, there is a minimum of additional interest due under the Marshall Mortgage equal to $60,000.00.

38. The minimum amount due under the Marshall Mortgage equals $360,000.00, excluding Debtor's non-payments prior to April 30, 2013 and late fees.

39. The total amount of secured mortgage liens upon the Debtor's Golf Course property equals in excess of ONE MILLION ONE HUNDRED TEN THOUSAND and 00/100 DOLLARS ($1,110,000.00).

40. Debtor alleges the fair market value for the Mortgaged Property equals $700,000.00. See, Petition, Schedule A.

41. As additional evidence regarding Debtor's lack of equity, GFNB submits the Affidavit of Neil Cherkosly, dated December 15, 2014 ("Appraiser Affidavit"). Neil Cherkosly is a certified general appraiser, license #46-13506 and his curriculum vitae is attached to his affidavit as Exhibit "A."

42. The Appraiser Affidavit states, in sum and substance that:

   a. The Mortgaged Property was inspected on June 16, 2014 to update his prior evaluation of the Mortgaged Property and that Cherkosly conducted prior appraisals or evaluation level reports for the Mortgaged Property during 2006, 2008 and 2011;

   b. The dude ranch and a golf course are each seasonal operations;

   c. That a review of minimal financial data for 2009—2010 and Quickbooks statements for 2011—2013 provided by the Arehart's bookkeeper showed that the ranch business model was no longer viable;

   d. Residential development is not a likely use due to a lack of municipal

utilities, Adirondack Park Agency zoning requirements, and the high cost for development;

  e. That due to poor condition of the golf course two golf leagues cancelled their memberships and relocated to a competing golf course and resulted in a decrease in total revenues; and

  f. That the most probably value for the Dude Ranch and Golf Course combined, as of June 16, 2014, equals $1,500,000.00, with the fair mark value for the Golf Course portion of the property comprising $250,000.00 of the total $1,500,000.00 appraisal value.

43. Based upon the admission of Debtor and the Affidavit of Neil Cherkosly, GFNB established by a preponderance of the evidence that the Debtor's Property possess no equity for the Debtor.

44. Second, the Debtor's Mortgaged Property is not necessary to an effective reorganization for this Debtor, as required by § 362(d)(2).

45. Debtor's petition fails to report any income for the 2013, 2014 and 2015 (year to date) tax years.

46. Upon information and belief, the Court's prior review and involvement with the Chapter 13 action by John J. Arehart and the Chapter 11 action by Polly A. Arehart, showed that any and all profits generated by this Debtor flow straight to John and Polly Arehart for their financial benefit and not payment of expenses incurred by this Debtor.  The assets of this Debtor are used to provide John J. Arehart and Polly A. Arehart financial support and such funds are <u>solely</u> available to John and Polly Arehart due to the Debtor's refusal to pay the legally enforceable debt due to GFNB, the County of Warren, and the Town of Stony Creek, as well as

the debt due under the Marshall Mortgage.

47. Debtor's only professed plan for reorganization is to liquidate the Mortgaged Property during the next 6 months, despite no bona-fide written offers to buy the Mortgaged Property during the past seven years.

48. Now, the Debtor seeks this Court's approval to continue its "free ride" upon the Mortgaged Property by allowing the automatic stay to remain in place despite no viable plan for reorganization, no prospects for a sale of the Mortgaged Property, no intention to pay GFNB interest only payments post-petition in the amount of $5,345.70 per month, and no means or method to pay the 2015 real property taxes which become due during January 2015.

49. It is highly unlikely that Debtor can obtain the required acceptances for a plan confirmation over a rejection by GFNB.

50. Debtor's bankruptcy schedules list one additional creditor: James & Christine Marshall (Marshall). The reported unsecured class of claims consists solely of the Warren County Treasurer for unpaid real property taxes.

51. GFNB holds over two-thirds (66.6%) of the secured debt reported by the Petition within the secured class of claims. Therefore, Debtor cannot obtain at least a two-thirds approval for the plan as GFNB shall not support Debtor's reorganization plan.

52. Debtors' complete lack of equity in the property and complete absence of a reorganization plan requires the lift of stay so that the foreclosure sale may proceed to auction, as a single sale of the Dude Ranch and Golf Course on February 16, 2015.

53. This application is submitted under the pains and penalties of perjury.

   WHEREFORE, GFNB respectfully requests this Court to grant all the relief set forth in the Notice of Motion and grant this application for a lift of the automatic stay.

Dated: January 19, 2015
   Glens Falls, New York

FITZGERALD MORRIS BAKER FIRTH P.C.

*s/ Lawrence Elmen, Esq.*
LAWRENCE ELMEN, Esq.
Bar Roll #512330
Attorneys for Glens Falls National Bank & Trust Co.
16 Pearl Street-P.O. Box 2017
Glens Falls, NY 12801
(518) 745-1400
le@fmbf-law.com

# **VERIFICATION**

**STATE OF NEW YORK** )
                     )**ss.:**
**COUNTY OF WARREN**  )

    LAWRENCE ELMEN, ESQ., being an attorney duly admitted to practice law before the Courts of the State of New York and the United States Bankruptcy Court for the Northern District of New York affirms that the statements in the above Application in Support of Motion For Relief from the Automatic Stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) are true and accurate to the best of my knowledge, except as to those matters stated to be upon information and belief, and as to those matters deponent believes them to be true.

                                                *s/Lawrence Elmen*
                                                LAWRENCE ELMEN, ESQ.